UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORETTA NORMAN, | ) | Case No.: 1:04 CV 913 |
| Plaintiff | ) ) | |
| v. | ) ) | JUDGE SOLOMON OLIVER, JR. |
| CITY OF LORAIN, OHIO, *et al.*, | ) ) | |
| Defendants | ) ) | ORDER |

On May 14, 2004, Plaintiff Loretta Norman ("Plaintiff or "Ms. Norman") filed this action against Defendants City of Lorain (the "City"), the Lorain Police Department, and Lorain Police Officers William Lachner ("Officer Lachner") and Marty Carreon ("Officer Carreon", collectively "Defendants"). The complaint sought damages for alleged violations of Plaintiff's civil rights under 42 U.S.C. § 1983 and for various state law claims, including a claim for intentional infliction of emotional distress, arising out of incidents that occurred when Officers Lachner and Carreon were assisting with the involuntary commitment of Plaintiff on December 27, 2002. On April 4, 2006, this court granted in part and denied in part Defendants' Motion for Summary Judgment. (ECF No. 34.) Currently pending before the court is Defendants' Motion for Modification of this court's Order filed April 3, 2006. (ECF No. 36.) For the reasons set forth below, the Motion is granted.

## I. LAW AND ANALYSIS

In the Order granting in part and denying in part Defendants' Motion for Summary Judgment, this court held that: (1) all of Plaintiff's claims against the Lorain Police Department were dismissed; (2) summary judgment was granted in favor of all Defendants on Plaintiff's claims, alleging violation of procedural and substantive due process; (3) summary judgment was granted in favor of the City of Lorain and Marty Carreon on Plaintiff's excessive use of force claim, but denied as to William Lachner, (4) summary judgment was granted in favor of all Defendants on Plaintiff's claim, alleging violation of the right to be free from unlawful searches; (5) summary judgment was granted in favor of all Defendants on Plaintiff's claims for negligence and for negligent infliction of emotional distress; and (6) summary judgment was granted in favor of all Defendants, except Defendant Lachner, on Plaintiff's claim of intentional infliction of emotional distress. The court also dismissed Plaintiff's claim for "malicious conduct." (*See* Order p. 20-21.)

The denial of Defendants' Motion for Summary Judgment in favor of Defendant Lachner on Plaintiff's claim of intentional infliction of emotional distress was written in error. For the reasons stated below, Defendants' Motion for Summary Judgment on Plaintiff's claim of intentional infliction of emotional distress is granted in favor of all Defendants, *including* Defendant Lachner.

Regarding Plaintiff's intentional infliction of emotional distress claim, this court noted that such a claim required the Plaintiff to demonstrate "serious emotional distress." *See, e.g.*, *Lykins v. Miami Valley Hosp.*, 811 N.E.2d 124, 147 (Ohio Ct. App. 2004); *Paugh v. Hanks*, 451 N.E.2d 759, 765 (Ohio 1983). This court concluded that Plaintiff had produced no evidence that Defendants caused emotional distress so serious that "a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances." *Heiner v.*

*Moretuzzo*, 652 N.E.2d 664, 667 (Ohio 1995). However, Defendants failed to sufficiently argue this point in their Motion for Summary Judgment. Therefore, it would not have been appropriate to grant summary judgment on that basis alone. Defendants argued that each Defendant was entitled to immunity. (*See* Def.s' Mot. for Summ. J. p. 8-9.) This court denied the immunity defense in regard to Officer Lachner.

Defendants did argue, in a footnote, that Officer Lachner's conduct was not "extreme" and "outrageous" in nature. (*See* Def.s' Mot. for Summ. J. p. 9, n.3.) Under Ohio law, a plaintiff must demonstrate that: (1) the defendant intended to cause emotional distress, or knew or should have known that his conduct would result in serious emotional distress to the plaintiff; (2) the defendant's conduct was *outrageous and extreme beyond all bounds of decency* and subsequently can be characterized as utterly intolerable in a civilized community; (3) the defendant's conduct was the proximate cause of plaintiff's psychic injuries; and (4) the plaintiff's emotional distress was serious, and of such a nature that no reasonable person could be expected to endure it. *Bolander v. BP Oil Co.*, 128 Fed. Appx. 412, 419 (6th Cir. 2005).

The Sixth Circuit has noted that establishing a *prima facie* case for intentional infliction of emotional distress is difficult under Ohio law. *See id.* (quoting *Baab v. AMR Services Corp.*, 811 F. Supp. 1246, 1269 (N.D. Ohio 1993) ("[T]o say that Ohio courts narrowly define [']extreme and outrageous conduct' would be something of an understatement."); *see also Simpkins v. Specialty Envelope*, 1996 U.S. App. LEXIS 22327 at *23 (6th Cir. 1996) ("It is very difficult to show that one has been subjected to the tort of the intentional infliction of emotional distress."). For example, in *Mullholand v. Harris Corp.*, 1995 U.S. App. LEXIS 37000 at *3 (6th Cir. 1995), a co-worker had allegedly sexually harassed the plaintiff, spread rumors about her, and "pushed" the plaintiff

"against her locker and slammed its doors against her." *Id.* The Sixth Circuit affirmed the grant of summary judgment to the defendant on plaintiff's intentional infliction of emotional distress claim, stating, "the district court was correct in concluding that the 'outrageous and extreme' level that [the co-worker's] behavior would have to rise to here, in order to constitute an intentional infliction of emotional distress under Ohio law, has not been met." *Id.* at *17 - 18.

The same is true in the instant case. Plaintiff alleges that while attempting to escort her to the hospital, Officer Lachner hurriedly tried to place her in handcuffs and forced her right arm behind her back "really hard," which allegedly caused Plaintiff's arm to break. (Norman Dep. 62-63, 74.) Officer Lachner's conduct was not *outrageous and extreme beyond all bounds of decency* and subsequently cannot be characterized as utterly intolerable in a civilized community. As such, Plaintiff has failed to demonstrate all of the elements necessary for an intentional infliction of emotional distress claim. Accordingly, summary judgment is granted in favor of all Defendants, *including* Officer Lachner, on Plaintiff's intentional infliction of emotional distress claim.

## II. CONCLUSION

For the above-stated reasons, Defendants' Motion for Modification of this court's Order filed April 3, 2006, is granted. (ECF No. 36.) Summary Judgment on Plaintiff's claim of intentional

infliction of emotional distress is granted in favor of all Defendants, including Officer Lachner. (*See* ECF No. 22.)

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

November 16, 2006