UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LORETTA NORMAN, | ) | Case No.: 1:04 CV 913 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| CITY OF LORAIN, OHIO, *et al.*, | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

On May 14, 2004, Plaintiff Loretta Norman ("Plaintiff or "Ms. Norman") filed this action against remaining Defendant Lorain Police Officer William Lachner ("Officer Lachner" or "Defendant").  Pending before the court are: (1) Defendant's Motion to Exclude Testimony by Plaintiff, or in the Alternative, for Independent Mental Examination (ECF No. 44); (2) Plaintiff's Motion *in Limine* Regarding Lay Witness Opinions on Excessive Force (ECF No. 50); (3) Plaintiff's Motion *in Limine* to Exclude Evidence of Prior Psychiatric Treatment (ECF No. 51); (4) Defendant's Motion for a Protective Order, requesting this court to issue an order reducing Dr. Frank Sabo's deposition fee to a reasonable rate (ECF No. 55); (5) Defendant's Motion *in Limine* to Exclude Evidence Regarding Weightlifting (ECF No. 59); (6)  Defendant's Motion *in Limine* to Exclude

Evidence Regarding Life Care Plan (ECF No. 60); and (7) Defendant's Motion *in Limine* to Exclude, or in the Alternative, Limit the Testimony of Dr. Frank Sabo (ECF No. 61).

For the reasons set forth below, Defendant's Motion to Exclude Testimony by Plaintiff, or in the Alternative, for an Independent Mental Examination is denied. (ECF No. 44.) Plaintiff's Motion *in Limine* to Exclude Lay Witness Opinions on Excessive Force is denied. (ECF No. 50.) Plaintiff's Motion *in Limine* to prohibit the introduction at trial of any records and testimony pertaining to Plaintiff's psychiatric history over the last twenty-five years is denied. (ECF No. 51.) Defendant's Motion for a Protective Order, requesting this court to issue an order reducing Dr. Frank Sabo's deposition fee to a reasonable rate, is granted. (ECF No. 55.) Defendant's Motion *in Limine* to Exclude Evidence Regarding Weightlifting is granted. ( ECF No. 59.) Defendant's Motion *in Limine* to Exclude Evidence Regarding Life Care Plan is granted. (ECF No. 60.) Finally, Defendant's Motion *in Limine* to Exclude, or in the Alternative, Limit the Testimony of Dr. Frank Sabo is granted in part and denied in part. (ECF No. 61.)

## I. BACKGROUND

On December 27, 2002, Plaintiff met with a counselor at the Nord Center for her depression and mental illness, after which, the counselor and the counselor's supervisor determined that Plaintiff was to be involuntarily committed. When Plaintiff allegedly refused to go to the hospital with the EMS workers, the Nord Center personnel called the Lorain Police Department for assistance in the transportation of Plaintiff to the hospital. Officer Lachner arrived and tried to convince Plaintiff to cooperate and ride to the hospital in the ambulance. When Plaintiff continued to refuse, Officer Lachner and one of the EMS workers decided it would be best to transport the Plaintiff in Officer Lachner's patrol car. Officer Lachner and one of the EMS workers then physically escorted Plaintiff

to the patrol car.  Plaintiff allegedly struggled and tried to turn around.  Plaintiff claims that Officer Lachner then hurriedly attempted to place her in handcuffs, without forewarning her that he was going to do so, and forced her right arm behind her back "really hard," breaking her arm.  Defendant maintains that Plaintiff's arm was broken when she twisted away from Officer Lachner and bent down with Officer Lachner still holding on to her arm.

## II. LAW AND ANALYSIS

### A. Defendant's Motion *in Limine* to Exclude Testimony by Plaintiff or, in the Alternative, for an Independent Mental Examination

#### 1. Plaintiff May Testify

Defendant requests that this court exclude from trial any testimony from the Plaintiff. (Def.'s Mot. to Exclude, 1, ECF No. 44-2.)   Defendant contends that "Plaintiff should not be permitted to testify because, on the day of the events at issue, she was not minimally capable of observing events . . . [because] she had been off her medication . . . [and said] that she was hearing voices. . . ." (*Id.*)

The question of a witness's competency is governed by Fed. R.Evid. 601, which provides, in relevant part, that "every person is competent to be a witness except as otherwise provided in these rules."  Fed. R.Evid. 601.  The only two groups of persons specifically rendered incompetent as witnesses by the Federal Rules of Evidence are judges and jurors.  *See* Fed. R. Evid. 605, 606. The Sixth Circuit has made it clear that "[a]s long as a witness appreciates his duty to tell the truth, and is minimally capable of observing, recalling, and communicating events, his testimony should come in for whatever it is worth."  *United States v. Phibbs*, 999 F.2d 1053, 1070 (6th Cir. 1993). In *Phibbs*, the court determined that two witnesses for the prosecution were competent to testify. One of the witness had spent time in mental health facilities, had a history of auditory delusions, and

had previously been found incompetent to stand trial. *Id.* at 1068. The other witness suffered from confusion, agitation, paranoia, hallucinations, and his psychiatrist had filed an affidavit with the district court stating that the witness could not assist his counsel in an upcoming trial. *Id.* Despite these perceived problems, the court allowed both witnesses to testify, noting that "the Federal Rules of Evidence strongly disfavor barring witnesses on competency grounds due to mental incapacity." *Id.*

Like the witnesses in *Phibbs* who were allowed to testify despite evidence of mental incapacity, this court shall permit Plaintiff to testify. Numerous courts have permitted witnesses with mental, emotional, and even drug induced impairments to testify. *See, e.g.*, *Henderson v. U.S.*, 218 F. 2d 14, 17-18 (6th Cir. 1955) (permitting a witness to testify who had been receiving shock treatments in a sanitarium); *U.S. v. Moreno*, 899 F. 2d 465, 469 (6th Cir. 1990) (allowing a witness who was an admitted cocaine addict at the time of the conspiracy to testify). Defendant fails to cite any specific testimony from Plaintiff's deposition suggesting that Plaintiff's perception or memory of the incident is so flawed that she should be prohibited from testifying at trial. Accordingly, Defendant's Motion to exclude from trial any testimony from the Plaintiff is denied. (Def.'s Mot. to Exclude, ECF No. 44.)

### 2. Plaintiff Need Not Submit to a Mental Examination

In the alternative, Defendant requests that this court issue an order pursuant to Fed. R. Civ. P. 35(a), requiring Plaintiff to submit to a mental examination for the purpose of determining whether, based upon her mental condition on December 27, 2002, and currently, she is competent to testify as a witness in this case. (Def.'s Mot. to Exclude, 2.) Federal Rule of Civil Procedure 35(a) provides:

> When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed. R. Civ. P. 35(a).

In the instant case, Plaintiff's mental condition is not a matter in controversy. In *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964), the Supreme Court concluded that the "in controversy," and the "good cause" requirements of Rule 35(a), were not satisfied "by mere conclusory allegations of the pleadings -- nor by mere relevance to the case -- but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each examination." *Id.* In *O'Sullivan v. State of Minnesota*, 176 F.R.D. 325 (D. Minn 1997), the court set forth five factors usually present in the granting of a court-ordered mental examination:

> 1. a cause of action for intentional or negligent infliction of emotional distress;
>
> 2. an allegation of a specific mental or psychiatric injury or disorder;
>
> 3. a claim of unusually severe emotional distress;
>
> 4. the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or
>
> 5. the plaintiff's concession that her mental condition is "in controversy" within the meaning of Rule 35.

*Id.* at 328 (citing *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995)).

In *O'Sullivan*, the plaintiff had brought "bare and boilerplate allegations of 'mental anguish,' 'emotional distress,' and 'embarrassment and humiliation. . . .'" *Id.* at 327. The court concluded that plaintiff's complaint "provide[d] a legally insufficient basis for concluding that the Plaintiff's mental condition [was] 'genuinely in controversy,' or that 'good cause exists for ordering [the] examination.'" *Id.* The same can be said in the instant case. Although Plaintiff's Complaint includes a claim for infliction of emotional distress, Plaintiff has not claimed any specific injury or unusually severe emotional distress. She also has not proffered any expert testimony relating to a claim for emotional distress. Moreover, Defendant has not shown that Plaintiff's mental condition is really and genuinely in controversy and that good cause exists for ordering an examination. Defendant's Motion for an Independent Mental Examination of Plaintiff is therefore denied. (Def.'s Mot. to Exclude, ECF No. 44.)

### B. Plaintiff's Motion *in Limine* to Prohibit any Lay Witness Opinions on Excessive Use of Force

Plaintiff moves this court to prohibit any lay witnesses from offering their impressions or opinions regarding whether Defendant Lachner used excessive force. (Pl.'s Mot. *In Limine* - Lay Witness Opinions, 1, ECF No. 50.) Plaintiff maintains that such testimony is prohibited under Fed. R.Evid. 701 and argues that such opinion testimony on the ultimate issue in the case should only come from duly qualified experts, not fact witnesses who do not have the specialized knowledge of law enforcement procedures to know what constitutes excessive force. (*Id.*) Defendant argues that lay witnesses should be allowed to testify regarding the nature and extent of force used by Officer Lachner.

To decide Plaintiff's excessive use of force claim, the jury must determine the reasonableness of Defendant Lachner's actions. The reasonableness of Defendant's actions is dependent on the circumstances surrounding the events. Federal Rule of Evidence 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

The lay witnesses may testify as to the factual circumstances surrounding how Plaintiff was ultimately injured in this case. Generally, the court would not allow lay witnesses to provide an opinion specifically as to whether Officer Lachner acted reasonably, unreasonably, or used excessive force. However, any ultimate ruling on this issue would have to await a determination based on the facts and circumstances presented at trial. The court advises the parties to keep in mind the following passage from the Advisory Committee Notes to Rule 704, Opinion on Ultimate Issues:

> Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria. Thus the question, "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed.

- 7 -

Fed. R. Evid. 704 Advisory Committee Note (citation omitted). In the absence of the particular questions to which Plaintiff might object and the context within which the questions will be asked, this court cannot rule with certainty that all opinion testimony of lay witnesses shall be excluded. But the court is likely to exclude such testimony while allowing the witnesses to freely testify about the facts and circumstances they observed. For example, the witnesses may testify about the nature and extent of the force used. If Plaintiff's counsel believes that Defendant's counsel has asked a question during trial which seeks an answer containing impermissible lay opinion testimony, he may then object. Accordingly, Plaintiff's Motion *in Limine* to Exclude Lay Witness Opinions on Excessive Force is denied. (Pl.'s Mot. *In Limine* - Lay Witness Opinions, ECF No. 50.)

### C. Plaintiff's Motion *in Limine* to Exclude Evidence of Prior Psychiatric Treatment

Plaintiff requests that this court prohibit the introduction at trial of any records and testimony pertaining to Plaintiff's prior psychiatric treatment over the last twenty-five years. (Pl.'s Mot. *in Limine*- Psychiatric Treatment, 2, ECF No. 51.) Plaintiff argues her psychiatric history is privileged under O. R. C. §2317.02. Plaintiff also argues that her psychiatric history is irrelevant to the issues in this case and may be highly prejudicial. Plaintiff maintains that the only relevant facts include the events that took place in the parking lot of the Nord Center in the short time prior to the injury. (Pl.'s Mot. *in Limine* - Psychiatric Treatment, 3.) Plaintiff does not dispute that probable cause existed to have her hospitalized and contends therefore, that evidence "substantiating the need for the hospitalization – including prior psychiatric treatment or problems - does not help establish any fact in question." (*Id.*) Plaintiff further notes that there is "no dispute that when Officer Lachner arrived at the Nord Center, he had no knowledge of Plaintiff's psychiatric history." (*Id.*)

While in general, evidence of past psychiatric treatment is not admissible, the court does not agree that Plaintiff's history of prior psychiatric treatment is totally irrelevant to the issue of this case. The court agrees with Defendant that the determination to involuntarily commit the Plaintiff for mental hospitalization and the events that followed may not be viewed in a vacuum. Some of Plaintiff's psychiatric history may be relevant to show that she had been the subject of prior involuntary hospitalizations, and therefore Plaintiff knew that she had to go to the hospital and knew that she would be handcuffed. Plaintiff testified at her deposition that on occasions before the incident at issue, she had been taken involuntarily to the hospital by both the police and by ambulance. (Norman Tr. at 28.) Additionally, Plaintiff's Complaint states that she "had been suffering from varying levels of depression…." (Complaint ¶ 7.)

However, the court finds that there is likely no reason to go into detail regarding the extent and length of Plaintiff's prior psychiatric treatment. While the court would not be inclined to allow detailed information regarding Plaintiff's past psychiatric treatment without the parties having established a reason for doing so, the court would also not be inclined to exclude evidence of why Plaintiff was being involuntarily committed. However, the court's final determination as to whether it will allow or disallow evidence of Plaintiff's past psychiatric treatment must be determined in context at trial. Accordingly, Plaintiff's request that this court prohibit the introduction at trial of any records and testimony pertaining to Plaintiff's prior history of psychiatric treatment is denied. (Pl.'s Mot. *in Limine*- Psychiatric Treatment, ECF No. 51.)

**D. Defendant's Motion for a Protective Order
to Reduce Plaintiff's Expert's Deposition Fee to a Reasonable Rate**

Defendant requests this court to issue an order reducing Dr. Frank Sabo's deposition fee to a reasonable rate.  (Def.'s Mot. for Protective Order, 2, ECF No. 55-2.)  Dr. Frank Sabo (" Dr. Sabo") was Plaintiff's treating physician with regard to her arm injury and has been identified as an expert witness for the Plaintiff.  Defendant argues that the fee sought by Dr. Sabo, is excessive and unreasonable.  According to Defendant, Dr. Sabo wants to charge a deposition fee of $2,000.00 for the first hour and $750.00 for each hour thereafter, with $2,000.00 to be paid in advance for the deposition.

Under Fed. R. Civ. P. Rule 26(b)(4)(C), a party seeking an opposing expert's deposition shall pay the expert "a reasonable fee."  Other courts have noted that "[c]ourts must be on guard against exorbitant expert fees, and retain the ultimate responsibility to keep litigation costs from becoming unreasonable." *Massasoit v. Carter*, 227 F.R.D. 264, 267 (D.N.C. 2005) (citing *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 547 (D. Ariz. 1999)).  In *Massasoit*, which also involved an allegation of excessive use of  force by a law enforcement officer in violation of 42 U.S.C. § 1983, the court determined that "a flat rate fee of $2,000.00 for a deposition, which could amount to over $600.00 per hour, [was] exorbitant."

In the instant case, Dr. Sabo's proposed fee of $2,000.00 for the first hour and $750.00 for each hour thereafter, is even greater than the fee sought in *Massasoit* and is likewise exorbitant. Plaintiff has not shown a reasonable basis for Dr. Sabo's fee of  $ 2,000.00 for the first hour and $750.00 for each hour thereafter.  In light of the fact that Dr. Sabo's total fee treating Plaintiff, including his initial consultation with Plaintiff, the surgery performed on Plaintiff, and four office visits with x-ray charges at three visits, amounted to $2,332.00, the court finds Dr. Sabo's expert deposition fee in the amount of $2,000.00 for the first hour and $750.00 for each hour thereafter to

be unreasonable. The court concludes that a reasonable deposition fee for Dr. Sabo's time is $300.00 per hour. *See Massasoit*, 227 F.R.D. at 268 (finding a reasonable fee to be $250 per hour). Therefore, Defendant's Motion for a Protective Order, requesting this court to issue an order reducing Dr. Frank Sabo's deposition fee to a reasonable rate, is granted. (Def.'s Mot. for Protective Order, ECF No. 55-2.)

**E. Defendant's Motion *in Limine* to Exclude Evidence Regarding Weightlifting**

Defendant requests that statements and evidence regarding Officer Lachner being "a nationally ranked power lifter" be excluded from trial. (Def.'s Mot. *in Limine*- Weightlifting, 1, ECF No. 59-2.) Defendant argues that Officer Lachner's weightlifting activities have no relevance to the claim to be tried in the present case. Federal Rule of Evidence 402 states in part that, "[a]ll relevant evidence is admissible . . . . Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Relevant evidence is defined in Fed. R. Evid. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

This court agrees with Defendant that Officer Lachner's weightlifting activities have no relevance to the claim to be tried in the present case. Defendant has never argued that he lacked the strength or ability to break Plaintiff's arm in the manner Plaintiff describes; thus, there is no issue as to Officer Lachner's strength or ability. Currently, it has not been shown that Officer Lachner's competitive weightlifting makes the existence of any fact that is of consequence to the determination of this action more probable, or less probable, than it would be without the evidence. *See* Fed. R. Evid. 401. Therefore, Officer Lachner's weightlifting activities are irrelevant. Thus, the court would exclude such evidence on the facts currently before it. If there are additional facts adduced

- 11 -

at trial which the Plaintiff would like the court to consider on this issue, Plaintiff should bring them to the court's attention at that time. Accordingly, Defendant's Motion *in Limine* to Exclude Evidence Regarding Weightlifting is granted. (Def.'s Mot. *in Limine*- Weightlifting, ECF No. 59-2.)

**F. Defendant's Motion *in Limine* to Exclude Evidence Regarding Life Care Plan**

Defendant moves to exclude from trial any evidence regarding the Life Care Plan for Plaintiff prepared by VoCare Services, dated August 8, 2006, and the testimony of George Cyphers, the rehabilitation counselor who signed that report. (Def.'s Mot. *in Limine*- Life Care Plan, 1, ECF No. 60-2.) According to Defendant, the "Life Care Plan pertains mainly to the costs of services such as occupational therapy, home health nursing, orthopedic specialists, and physiatry [sic] treatment, and of equipment such as wheelchairs and adaptive equipment." (*Id.*) Defendant contends that none of the matters in the Life Care Plan are relevant to the Plaintiff's damages in the present case. Defendant maintains that the Life Care Plan states that "Plaintiff has low back pain, asthma, emphysema, high blood pressure, and heart disease and that she 'makes use of a wheelchair for long distance locomotion' – none of which, of course, has anything to do with her arm." (*Id.* at 2.) Moreover, Defendant argues that the report includes expenses such as snow removal, lawn care, and a monthly handyman to perform household repairs for the Plaintiff, but there is no reason to believe that the Plaintiff would perform any of these functions herself even if her arm had not been injured.

The Life Care Plan has not been submitted to the court, nor has Plaintiff filed any opposition to Defendant's Motion *in Limine* seeking to exclude the Life Care Plan. The court finds that the Life Care Plan, as described by Defendant, would be inadmissable at this time based on irrelevancy, as it fails to differentiate between Plaintiff's injury allegedly caused by Defendant, and Plaintiff's other

medical limitations.  Accordingly, Defendant's Motion *in Limine* to Exclude Evidence Regarding Life Care Plan is granted.  (Def.'s Mot. *in Limine*- Life Care Plan, ECF No. 60.)

### G. Defendant's Motion *in Limine* to Exclude or, in the Alternative, Limit Testimony by Dr. Frank Sabo

Defendant moves to exclude, or in the alternative, limit the testimony of Dr. Frank Sabo ("Dr. Sabo").  (Def.'s Mot. *in Limine*- Dr. Sabo, 1, ECF No. 61-2.)  Defendant maintains that counsel for the parties agreed that the discovery deposition of Dr. Sabo was to take place on September 14, 2006.  However, Defendant states that Dr. Sabo's office unilaterally cancelled the deposition.  (*Id.*)  Defendant argues that he has been deprived of his right to obtain Dr. Sabo's discovery deposition and therefore, Dr. Sabo's testimony should be excluded at trial.  (*Id.*)

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."  Plaintiff has identified Dr. Sabo as an expert witness.  As such, pursuant to Rule 26(b)(4)(A), Defendant has the right to depose Dr. Sabo.  In the instant case, the trial date is set for December 13, 2006, permitting time for the deposition of Dr. Sabo to take place.  Therefore, this court hereby orders that Plaintiff make her expert, Dr. Sabo, available for deposition by Defendant within 14 days from the date of this Order, if Plaintiff intends to have Dr. Sabo testify, or show his video deposition, at trial.  (*See* Pl.'s Notice of Dep. of Dr. Sabo by video recording on September 21, 2006, ECF No. 56.)  Accordingly, the portion of Defendant's Motion *in Limine* seeking to exclude the testimony of Dr. Sabo is denied at this time, pending Plaintiff's compliance with this Order.  (Def.'s Mot. *in Limine*- Dr. Sabo, ECF No. 61.)

Defendant also seeks to limit Dr. Sabo's testimony to the matters and opinions contained in his expert report. (Def.'s Mot. *in Limine*- Dr. Sabo, 1-2, ECF No. 61-2.) Federal Rule of Civil Procedure 26(a)(2)(B) provides that an expert's "report shall contain a complete statement of all opinions to be expressed and the basis and reasons" for those opinions. The expert report from Dr. Sabo has not been submitted to this court and thus, the court is not aware of the extent of the opinions contained in Dr. Sabo's expert report. Considering the instruction of Rule 26(a)(2)(B) and the fact that Plaintiff has not opposed Defendant's motion to limit the testimony of Dr. Sabo to the opinions expressed in his expert report, the court is inclined to grant Defendant's motion. Therefore, the portion of Defendant's Motion *in Limine* seeking to limit Dr. Sabo's testimony to the matters and opinions contained in his expert report is granted. (Def.'s Mot. *in Limine*- Dr. Sabo, ECF No. 61.)

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Exclude Testimony by Plaintiff, or in the Alternative, for an Independent Mental Examination is denied. (ECF No. 44.) Plaintiff's Motion *in Limine* to Exclude Lay Witness Opinions on Excessive Force is denied. (ECF No. 50.) Plaintiff's Motion *in Limine* to prohibit the introduction at trial of any records and testimony pertaining to Plaintiff's psychiatric history is denied. (ECF No. 51.) Defendant's Motion for a Protective Order, requesting this court to issue an order reducing Dr. Frank Sabo's deposition fee to a reasonable rate, is granted. (ECF No. 55.) Defendant's Motion *in Limine* to Exclude Evidence Regarding Weightlifting is granted. (ECF No. 59-2.) Defendant's Motion *in Limine* to Exclude Evidence Regarding Life Care Plan is granted. (ECF No. 60.) Finally, Defendant's Motion *in Limine* to Exclude, or in the Alternative, Limit the Testimony of Dr. Frank Sabo is granted in part and denied

in part. (ECF No. 61.) Plaintiff shall make her expert witness, Dr. Sabo, available for deposition by Defendant within 14 days from the date of this Order.

    IT IS SO ORDERED.

                                                  /s/ SOLOMON OLIVER, JR.
                                                  UNITED STATES DISTRICT JUDGE

November 16, 2006